UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEFFREY F. JACKSON,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **CASE NO. 2:11-cv-02268-SLB** |
| **BRIGGS & STRATTON POWER PRODUCTS GROUPS, LLC and HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, INC.,** | ) ) ) ) |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM OPINION

This case is currently before the court on Plaintiff's Motion to Remand. (Doc. 5.)[1] Plaintiff Jeffrey Jackson ("Jackson") asserts that remand is mandated because defendants Briggs & Stratton Power Products Group, LLC ("Briggs LLC") and Home Depot USA, Inc. ("Home Depot") (collectively "defendants") have failed to prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum under 28 U.S.C. § 1332(a). Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that Plaintiff's Motion to Remand, (doc. 5), is due to be denied.

---

[1] Reference to a document number, ["Doc.___"], refers to the number assigned to each document as it is filed in the court's record.

**I.      CASE OVERVIEW**

On May 24, 2011, Jackson, a citizen of the state of Alabama, (doc. 1 ¶ 5), filed this action in the Circuit Court of Jefferson County, Alabama against Briggs LLC and Home Depot for injuries sustained in a lawnmower accident, (*see* doc. 1-2, Compl.) Jackson alleges that on May 28, 2009, while pulling his lawnmower backward, "he slipped and his right foot went underneath the mower deck at the rear of the mower." (*Id.* at ¶¶ 10, 20.)  Jackson suffered one broken toe and injuries to two other toes that required amputation. (*Id.* at ¶ 21.) The Complaint seeks relief from Briggs LLC, the alleged manufacturer of the lawnmower, and Home Depot, the alleged seller, on the following counts: (1) violation of the Alabama Extended Manufacturer's Liability Doctrine, (*id.* ¶¶ 25-35), (2) negligence/wantonness, (*id.* ¶¶ 36-42), and (3) breach of warranty, (*id.* ¶¶ 43-47).  Briggs LLC is a citizen of Wisconsin,[2] (doc. 12), and Home Depot is deemed a corporate citizen of Delaware and Georgia, (doc. 1

---

[2]Generally, the acronym "LLC" denotes a limited liability company.  "A limited liability company is a citizen of any state of which a member of the company is a citizen," and to sufficiently allege its citizenship, "a party must list the citizenships of all [its] members." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  In Briggs LLC's Local Rule 3.4 Disclosure Statement, it noted that it is "a wholly owned subsidiary of Briggs and Stratton Corporation ["Briggs Inc."]." (Doc. 12 ¶ 1.)  The Disclosure Statement then alleged that Briggs Inc. "is a corporation which is organized under the laws of the State of Wisconsin and has its principal place of business in Wauwatosa, Wisconsin." (*Id.* ¶ 2.)  Because Briggs LLC, presumably a limited liability company, is a *wholly-owned* subsidiary of Briggs Inc., Briggs LLC assumes the corporate citizenship of its sole member Briggs Inc., a Wisconsin corporation. *See Advanced Techs. & Installation Inc. v. Nokia Siemens Networks US, LLC*, No. 09-cv-6233, 2011 WL 198033, at *1 (D.N.J. Jan. 20, 2011)("The glaring problem with [plaintiff's] argument is that [defendant] indicated in its Notice that it is *wholly-owned* by NSN Holdings. That means that it has only one member.  Because [defendant] is wholly-owned by a Delaware corporation with a Delaware principal place of business, Nokia is deemed a corporate citizen of Delaware." (emphasis in original)).

¶ 5).

Both defendants received service on May 26, 2011. (Doc. 1-4; doc. 1-5.) On June 24, 2011, Home Depot filed a Notice of Removal ("the Notice") removing this action on the basis of diversity jurisdiction. (Doc. 1.)  Briggs LLC consented to removal. (Doc. 1-7.) Thereafter, Jackson filed Plaintiff's Motion for Remand and Supporting Brief, contending that the Notice has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. (*See* Doc. 5.)  Jackson does not dispute that the parties are diverse. (*Id*. at 3.)

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Accordingly, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

A removing defendant has the burden of establishing the propriety of removal under section 1441 and, therefore, must establish the existence of federal jurisdiction. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)(citation omitted). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are

to be remanded "where federal jurisdiction is not absolutely clear." *See Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). To this end, "removal statutes are to be strictly construed, with all doubts resolved in favor of remand." *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied* 520 U.S. 1162 (1997)). Moreover, all facts alleged in the complaint are construed in favor of the plaintiff, and all "uncertainties" regarding the substantive state law are resolved in favor of the plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Pursuant to 28 U.S.C. § 1446(b), removal is proper in two instances. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757 (11th Cir. 2010). In the first instance, which is delineated in the first paragraph of section 1446(b), removal is based upon the plaintiff's initial pleading. In a section 1446(b) first paragraph removal, the notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." A defendant can also remove under the second paragraph of section 1446(b). A defendant can remove under the second paragraph of section 1446(b) even if the case stated by the initial pleading was not removable if the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Paragraph one removal provides "a much wider entry into federal court than does the second paragraph of that section." *Wilson*

*v. Chester Bross Constr. Co.*, No. CA 11–0020–KD–C, 2011 WL 1380052, at *12 (S.D. Ala. April 12, 2011). Because Home Depot removed this case within thirty days of the defendants' receipt of service, this case will be analyzed under the first paragraph of § 1446(b).

The Notice of Removal asserts that subject matter jurisdiction exists under the diversity of citizenship statute 28 U.S.C. § 1332(a). (*See* doc. 1.) Section 1332(a) provides that federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." Section 1332(a) demands "'complete diversity'–the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005). Because the parties enjoy complete diversity of citizenship, the only issue before the court is whether the requisite amount in controversy for diversity jurisdiction exists.

In demonstrating the amount in controversy, the Notice of Removal relies solely on Jackson's state court complaint. The Complaint seeks an unspecified amount of monetary relief, specifically, "an amount that will adequately reflect the wrongfulness of the defendants' conduct." (Doc. 1-2 ¶¶ 35, 42, 47.) "When, as here, damages are not specified in the state court complaint, a removing defendant must prove by a preponderance of the evidence that the amount in controversy **more likely than not** exceeds the jurisdictional requirement." *Pate v. State Farm Mut. Auto. Ins. Co.*, No. 3:10cv223/MCR/EMT, 2010 WL

5

3372195, at *1 (N.D. Fla. Aug. 25, 2010)(emphasis added)(internal quotations and citation omitted).  The Notice of Removal states that, despite the unspecified amount, "the amount in controversy is clearly in excess of $75,000, given the permanent pain and impairment associated with two amputated toes and one broken toe, the total medical expenses incurred for the procedures associated with the amputations, together with a request for punitive damages." (Doc. 1 ¶ 7.)  Jackson argues that the Notice's conclusory allegation that "the amount in controversy is clearly in excess of $75,000," without more, is "pure speculation" and fails to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. (Doc. 5 at 4-7.)

Both parties cite dicta from *Lowery v. Alabama Power Company*, 483 F.3d 1184 (11th Cir. 2007), as the controlling precedent in the instant case.  In *Lowery*, a section 1446(b) second paragraph removal case, the Eleventh Circuit discussed what the district courts may consider in determining whether the amount in controversy is satisfied when the only proof that the removing defendant has submitted with the notice of removal is a complaint with unspecified damages. *Id*. at 1210-15.  The Eleventh Circuit held that "in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff--be it the initial complaint or a later received paper--and determines whether that document and the notice of removal **unambiguously establish** federal jurisdiction." *Id*. at 1213 (emphasis added).  This standard requires that the amount in controversy be "either stated clearly on the face of the documents before the court, or readily deducible from them

. . . If not, the court must remand." *Id*. at 1211.  Relatedly, "[i]f that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id*. at 1214-15.  The court noted that this standard of review applied equally to removal proceedings under both paragraph one and paragraph two of section 1446(b). *Id.* at 1213 n.63 ("***Under either paragraph*** [***of § 1446(b)***], the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." (emphasis added)).

Shortly thereafter, the Eleventh Circuit issued an opinion confining *Lowery* to paragraph two removals only.  In *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010), the court held that, under section 1446(b) paragraph one removals, when the complaint seeks damages in an unspecified amount, additional proof and factual allegations, such as affidavits and business records, can be submitted with the notice of removal, and district courts can evaluate that proof to establish the amount in controversy. In doing so, the Eleventh Circuit found that *Lowery*, a section 1446(b) paragraph two removal case, extended beyond its facts and circumstances when it delineated the standard under which district courts should determine the amount in controversy in section 1446(b) paragraph one removals. *Id*. at 762-63.  Because that portion of *Lowery* was not "fitted to the facts" of the second paragraph removal controversy at issue, the court disregarded *Lowery* as dicta insofar as it related to section 1446(b) first paragraph cases. *Id*. at 762; *See Allen v. Thomas*, No. 3:10-CV-742-WKW, 2011 WL 197964, at *4 (M.D. Ala. Jan. 20,

2011)("*Pretka* rejected as dicta *Lowery*'s statements affecting removals made pursuant to the first paragraph of § 1446(b).").

The Eleventh Circuit then issued the decision of *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010). In *Roe*, the removing defendant sought section 1446(b) paragraph one removal within thirty days of receipt of the initial complaint and only submitted the initial complaint with the notice of removal. *Id*. at 1059. The complaint sought an unspecified amount of monetary relief under Alabama's Wrongful Death Act, a statute under which plaintiffs may recover punitive damages only. *Id*. at 1060, 1065. While the plaintiff did not deny that more than $75,000 was at issue, he sought remand on the basis that the defendant had not demonstrated by a preponderance of the evidence that the amount in controversy exceeded $75,000. *Id*. at 1060. In affirming the district court's denial of remand, the Eleventh Circuit stated:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. . . . Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See* [*Pretka*, 608 F.3d at 754]. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id*. at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F.Supp.2d 995, 999 (M.D. Ala. 2009)); *see also Williams* [*v. Best Buy Co.*], 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their ***judicial experience and common sense*** in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (emphasis added; footnote omitted). A contrary conclusion, the Eleventh Circuit noted, creates a loophole whereby a plaintiff could "defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim." *Id.* at 1064 (quotations and citation omitted). The *Roe* court also surveyed Fifth and Third Circuit case law regarding section 1446(b) first paragraph removal when the complaint is the only proof submitted with a notice of removal and claims an unspecified amount of damages. *Id.* at 1062-63. The court found that neither circuit "prohibit[s] a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy." *Id.* at 1063 (citing *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771 (5th Cir. 2003); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295 (5th Cir. 1999); *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999); *Angus v. Shiley Inc.*, 989 F.2d 142 (3d Cir. 1993)). Accordingly, under section 1446(b) first paragraph removals, district courts in this circuit are permitted to exercise their own "judicial experience and common sense" in ascertaining the amount in controversy when the state court complaint seeks unspecified monetary relief.

Applying "judicial experience and common sense" to this section 1446(b) first paragraph removal case, the court finds that the Complaint, on its face, establishes by a preponderance of the evidence that the amount in controversy more likely than not exceeds

$75,000.  The complaint states as follows:

> 20.  As JACKSON was pulling the lawn mower backward, he slipped and his right foot went underneath the mower deck at the rear of the mower.
>
> 21.  Two of JACKSON's toes were amputated and one other was broken, and these injuries required medical care and treatment.
>
> 22.  JACKSON continues to experience pain in his right foot.
>
> 23.  JACKSON's physical injuries are permanent.
>
> 24.  JACKSON suffered and continues to suffer mental anguish, which stems from the incident and the injuries he sustained in it.

(Doc. 1-2 ¶¶ 20-24.)  These allegations reveal several pertinent facts relating to the amount in controversy.  First, Jackson's foot presumably came into contact with the lawnmower's blade, and he sustained injuries that required the amputation of two toes. A fair reading of the Complaint reveals that Jackson underwent substantial mental and physical pain and suffering.[3]  To find otherwise would require the court to "suspend reality or shelve common sense."  Judicial experience and common sense also tell the court that, unlike amphibians, humans are biologically incapable of growing back limbs or digits.  Thus, Jackson may seek relief for permanent disfigurement.  And, although the Complaint does not elaborate on the extent of Jackson's medical treatment, the amputation of two toes and the treatment of a broken toe also required Jackson to incur some form of medical expenses.  From these allegations alone, judicial experience and common sense lead the court to find that the

---

[3]Paragraphs 22 and 24 of the Complaint further amplify Jackson's potential recovery for pain and suffering and mental anguish as Jackson allegedly continues to suffer physical and mental pain to this day. (Doc. 1-2 ¶¶ 22-24.)

amount in controversy more likely than not exceeds $75,000.[4]

However, the analysis does not end with Jackson's alleged injuries. The court also considers the claims under which Jackson seeks relief and the damages sought thereunder. First, "[Jackson's] Complaint[,] like the complaint[] in *Roe*[,] . . . alleges that the defendants acted wantonly 'which means the damages should be greater and which also implies the [injuries] could have been prevented.'" *Overton v. Wyeth, Inc.*, No. CA 10-0491-KD-C, 2010 WL 4717048, at *4 (S.D. Ala. Oct. 29, 2010)(quoting *White-Spunner Const., Inc. v. Zurich Am. Ins. Co.*, No. 10-0158-WS-C, 2010 WL 3489956, at *3 (S.D. Ala. Aug. 30, 2010))(internal citation omitted). Moreover, Jackson seeks punitive damages for defendants' alleged negligent and/or wanton conduct and alleged violation of the Alabama Extended Manufacturer's Liability Doctrine under Counts I and II. (Doc. 1-2 ¶¶ 35, 42.)  Punitive damages are considered when determining the jurisdictional threshold amount in diversity cases "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Even further, under Counts II and III, Jackson seeks recovery "against the aforementioned defendants, separately

---

[4] At oral argument, plaintiff's counsel directed the court to *Justice v. Jeff Lindsey Communities, Inc.*, No. 3:10-CV-888-WKW, 2011 WL 744773 (M.D. Ala. Feb. 25, 2011), a paragraph one removal case, for the proposition that defendants have not established the amount in controversy by a preponderance of the evidence. In *Justice*, the complaint stated that the plaintiff "'was caused to slip and fall hitting the back of his head on the concrete floor [,]' causing 'significant injury to his head' and resulting in 'medical expenses and lost time from work.'" *Id*. at *1. The court found this language, standing alone, insufficient to establish the amount in controversy.  The instant case is distinguishable from *Justice* in that the Complaint provides more details relating to the permanence, severity, and significance of Jackson's injuries.

11

and severally, for *all* damages recoverable under Alabama law." (Doc. 1-2 ¶¶ 42, 47 [emphasis added].) Thus, the totality of circumstances (*i.e.* Jackson's injuries, the counts through which Jackson seeks relief, and the damages sought thereunder) support the court's opinion that the amount in controversy exceeds $75,000.

The court acknowledges that a recent case from the Eastern District of Kentucky found that a complaint did not facially establish the amount in controversy in a factually identical section 1446(b) first paragraph removal case. In *Burgett v. Troy-Bilt LLC*, No. 11-110-ART, 2011 WL 4715176 (E.D. Ky. Oct. 5, 2011), the plaintiff had the outer toes on his foot amputated after falling off a riding lawnmower. *Id.* at *1. The plaintiff sought recovery of "past and future medical expenses, diminished capacity to earn wages, and pain and suffering as a result of permanent disfigurement." *Id.* at *2. In applying a standard similar to that in *Roe*, the court found that the plaintiff had not establshed by a preponderance of the evidence that the amount in controversy exceeded $75,000. *Id.* ("If it appears likely from the face of the pleadings that damages will exceed $75,000, the Court can retain jurisdiction despite the [plaintiff's] objections."). The court, while purportedly considering the plaintiff's medical expenses and pain and suffering, focused its analysis primarily on the plaintiff's diminished capacity to earn wages. *Id*. The court stated:

> Obviously nobody would voluntarily go without these toes, but that does not demonstrate the value associated with their loss. If [plaintiff] were a ballerina or professional athlete, it might be an easier case. At this time, the record does not reflect that [plaintiff] is a dancer, a professional athlete, or a foot model. And, the Court cannot speculate as to the toes' value.

*Id.* (internal citation omitted). While valuing the monetary value associated with the loss of two toes may be difficult, determining that all persons, regardless of profession, undergo substantial mental and physical pain and suffering from injuries sustained by having one's foot come into contact with a gyrating lawnmower blade is not. Moreover, there is no indication in *Burgett* that the plaintiff claimed wantonness or sought punitive damages – both relevant factors in this court's analysis.

Taking into consideration all relevant factors, the court finds that it is sufficiently discernible from the Complaint that the amount in controversy satisfies the requirements for jurisdiction under section 1332(a). Because defendants have established by a preponderance of the evidence that the amount in controversy exceeds $75,000, Plaintiff's Motion to Remand, (doc. 5), is due to be denied.

**DONE**, this 27th day of March, 2012.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE